```
IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF ILLINOIS
            EASTERN ILLINOIS
```

| | |
|---|---|
| LLOYD KEIBER, | ) |
|     Plaintiff, | ) |
| | ) No. 08 CV 2616 |
| v. | ) |
| | ) Hon. Michael T. Mason |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge.

On September 30, 2009, this Court entered a Memorandum Opinion and Order ("Opinion") [34] denying Lloyd Keiber's ("Claimant") motion for summary judgment ("Cl. Mot. S.J.") [23-1] and granting the Commissioner of Social Security's ("Commissioner") cross-motion for summary judgment [26]. In that Opinion, this Court upheld the decision of the Administrative Law Judge ("ALJ") denying Claimant's claim for Disability Insurance Benefits ("DIB"). Claimant has filed a motion requesting that this Court alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Cl. Mot. Recon.") [35]. The Commissioner objects to this request ("Comm. Resp.") [38]. For the reasons set forth below, we deny Claimant's motion to alter or amend pursuant to Rule 59(e).

I.   **BACKGROUND**[1]

Claimant filed an application for DIB on May 13, 2005, alleging a disability onset date of August 11, 2004. Claimant sought DIB for anxiety and affective disorders. He claimed that these conditions were the result of a traumatic event that occurred on October 30, 1991. The Social Security Administration initially denied Claimant's claim on September 2, 2005 and again on December 2, 2005 after a timely request for reconsideration. Claimant subsequently requested a hearing, which was held before Administrative Law Judge Daniel Dadabo ("ALJ Dadabo") on September 19, 2006. On December 24, 2007, ALJ Dadabo issued a written opinion denying Claimant's request for DIB. The Appeals Council denied Claimant's request for review and the ALJ's decision became the final decision of the Commissioner. On September 30, 2009, this Court affirmed the decision of the ALJ, denying Claimant's motion for summary judgment and entering summary judgment in favor of the Commissioner. On October 12, 2009, Claimant filed this motion to alter and amend our judgment.

II.   **Standard for Reconsideration**

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a judgment no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). A court may alter or amend its judgment only if the petitioner can present newly discovered evidence or clearly establish a manifest error of law or fact. *Obreicht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citations omitted). A Rule 59(e) motion

---

[1]This short background is sufficient for this motion. A more extensive recitation of the factual history of this case is available in this Court's Opinion dated September 30, 2009. *Keiber v. Astrue*, No. 08 CV 2616, 2009 U.S. Dist. Lexis 91565, at \*\*2-19 (N.D. Ill. Sept. 30, 2009).

does not permit a party "to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted). Nor is Rule 59(e) a vehicle for recycling arguments that the Court has previously rejected. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). This Court has discretionary authority over the decision to grant a Rule 59(e) motion. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Claimant argues that this Court committed a manifest error of law in its September 30, 2009 Opinion. (Cl. Mot. Recon. at 1-2.) A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606 (*quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D.Ill. 1997)). A manifest error of law is not demonstrated by the disappointment of the losing party. *Id.*

### III. Discussion

Claimant has not identified any manifest error of law in this Court's Opinion. His motion merely reiterates arguments that this Court has already considered and rejected. As such, Claimant's motion to alter and amend our judgment is denied.

Claimant's principal argument is that this Court erred by affirming the ALJ's decision not to give controlling or significant weight to the conclusions of Claimant's treating physician, Dr. Jampala. Claimant alleges, as he did in his motion for summary judgment, that the ALJ ignored nearly all of the evidence that supported Dr. Jampala's conclusions. (Cl. Mot. S.J. at 12-13; Cl. Mot. Recon. at 4.) Claimant also argues that Dr. Jampala's opinion should have been given great weight under the factors listed in

20 C.F.R. Sec. 404.1527(d). (Cl. Mot. S.J. at 14; Cl. Mot. Recon. at 4-5.)

This Court considered this issue in ruling on Claimant's motion for summary judgment, and found that the ALJ did not error in discounting the opinion of Dr. Jampala. (Opinion at 17.) As stated in our Opinion, the ALJ is free to discount the opinion of the treating physician so long as he provides good reasons for doing so. (Opinion at 16, *citing* 20 C.F. R. § 404.1527(d)(2); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000)). When reviewing the ALJ's decision, this Court's review is deferential; we will not reweigh evidence, resolve conflicts, or decide questions of credibility. *Clifford*, 227 F.3d at 869. Although the ALJ "must build an accurate and logical bridge from the evidence to his conclusion," he need not discuss every piece of evidence in the record. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Here, we found that the ALJ adequately discussed the little weight given to Dr. Jampala's opinion and the rationale behind his decision. (Opinion at 16-17.) As the Commissioner notes in his response to Claimant's motion to reconsider, we specifically found that the ALJ identified evidence that supported his decision to discount Dr. Jampala's conclusions. (Comm. Resp. at 3; Opinion at 17.) As such, this Court did not commit a manifest error of law by affirming the ALJ's decision to discount the opinion of Dr. Jampala.

Claimant also contends that this Court erred by affirming the ALJ's decision to discount the opinion of Dr. Kohn, a neuropsychiatrist who examined Claimant only once. (Cl. Mot. S.J. at 14; Cl. Mot. Recon. at 5.) Claimant argues now, as he did in his motion for summary judgment, that the ALJ's decision was illogical because he gave more weight to the opinion of Dr. Peggau, a state agency psychologist who also saw Claimant only once. (Cl. Mot. S.J. at 14-15; Cl. Mot. Recon. at 5-6.) This Court considered the

4

same argument in our ruling on Claimant's motion for summary judgment and found that the ALJ did not err in discounting the opinion of Dr. Kohn. (Opinion at 17-18.) We specifically found that the ALJ provided adequate reasons for discounting Dr. Kohn's conclusions. (Opinion at 17-18.) We also found that the ALJ's decision with regard to the opinion of Dr. Kohn was unrelated to the ALJ's decision to rely, in part, on the opinion of Dr. Peggau. (Opinion at 18.) Consequently, this Court did not commit a manifest error of law in affirming the ALJ's decision to afford Dr. Kohn's opinion limited weight.

Next, Claimant contends that this Court erred by failing to address certain case law in its Opinion. Claimant argues that this Court should have specifically discussed the Seventh Circuit Opinion in *Bauer v. Astrue*, 532 F.3d 606 (7th Cir. 2008), a case that Claimant cited in support of his argument. (Cl. Mot. S.J. at 13–14; Cl. Mot. Recon. at 2-3.) In *Bauer*, the Court of Appeals reversed and remanded the judgment of the District Court, holding that substantial evidence did not support the ALJ's decision to discount the opinions of the claimant's two treating physicians. The ALJ in *Bauer* gave limited weight to the opinions of two treating physicians, both of whom were specialists and had treated the claimant for three years. Instead, the ALJ adopted the contrary view of a Ph.D. consultant, who had never examined the claimant and whose expertise could not be determined from the record. *Bauer*, 532 F.3d at 607-08. In reversing the District Court, the Court of Appeals noted that the ALJ's decision to discount one physician's opinion on the basis of treatment notes, a number of which contained hopeful remarks, reflected a lack of understanding of bipolar disorder. *Id.* at 608. The court recognized that "a person who has a chronic disease, whether physical or psychiatric, and is under

continuous treatment for it with heavy drugs, is likely to have better days and worse days." *Id.* at 609.

This Court's failure to specifically address *Bauer*, a case Claimant asserts to have "nearly identical facts" to this case (Cl. Mot. Recon. at 3.), is not a manifest error of law. This Court is not obligated to specifically discuss every case cited by a litigant. *Bagnola v. City of Chicago*, No. 96 CV 6342, 1997 U.S. Dist. Lexis 3655, at *3 (N.D. Ill. Mar. 26, 1997). Moreover, the facts of *Bauer* are distinguishable from the facts in this case. Unlike *Bauer*, the ALJ found that Dr. Jampala's opinion was not only inconsistent with most of his own treatment notes, but also inconsistent with the record as a whole. (Opinion at 16-18.) Whereas the *Bauer* physician's opinion was supported by that of another long-term treating physician, support for Dr. Jamapala's conclusions flows only from Dr. Kohn, a neuropsychiatrist who examined Claimant only once. Furthermore, in *Bauer*, the only medical evidence contradicting the two treating physicians' opinions stemmed from a non-examining, Ph.D. consultant of indeterminate expertise. In this case, there is a substantial amount of well-supported evidence that contradicts Dr. Jampala's opinion, most recently from Dr. Peggau, who, as the state agency psychologist, this Court considers a highly qualified expert in Social Security disability evaluation. C.F.R. 404.1527(f)(2)(i). The facts of *Bauer* are not "nearly identical" to the facts involved here and as such, this Court did not commit a manifest error of law in declining to address *Bauer* in its Opinion.

Finally, Claimant argues that this Court erred by affirming the ALJ's finding that Claimant's statements regarding his own disability were not entirely credible. (Cl. Mot. Recon. at 7.) As he did in his motion for summary judgment, Claimant alleges that the

6

ALJ ignored significant evidence favorable to Claimant. (Cl. Mot. S.J. at 15-16; Cl. Mot. Recon. at 7.)  This Court has already considered this very argument and we disposed of it in our ruling on September 30, 2009.  (Opinion at 19-21.)  As we noted then, since the ALJ is in a superior position to judge the credibility of the claimant, this Court will only reverse the ALJ's credibility finding if it is "patently wrong." (Opinion at 20, *citing Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000).)  The Commissioner correctly observes that this Court found that the ALJ adequately explained his rationale for discounting Claimant's statements of disability. (Comm Resp. at 4; Opinion at 19-21.) Indeed, we found that the ALJ based his credibility determination on several pieces of medical evidence, as well as evidence regarding Claimant's lifestyle. (Opinion at 20-21.) Thus, the ALJ's ultimate conclusion – that Claimant's treatment and activities were inconsistent with his alleged level of disability – was not patently wrong.  Accordingly, this Court did not commit a manifest error of law by affirming the ALJ's credibility determination.

Claimant's Rule 59(e) motion consists entirely of reiterations of arguments that he presented in his motion for summary judgment.  In rejecting each of those arguments, this Court did not "disregard, misappl[y], or fai[l] to recognize controlling precedent," and thus did not commit a manifest error of law.  *Oto*, 224 F.3d at 606 (*quoting Sedrak*, 987 F. Supp. at 1069).  Claimant has not identified any new arguments or facts not previously presented.  Accordingly, Claimant's motion is denied.

## IV.   Conclusion

For the foregoing reasons, Claimant's motion to alter or amend the judgment pursuant to Rule 59(e) [35] is denied.

7

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** July 29, 2010